**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AFFLINK, INC.,

        Plaintiff,

-vs-

K&B CAPITAL, LLC., LL NATIONAL, INC., and AMARI GROUP,

        Defendants.

_____/

CASE NO. 03-CV-71243

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER GRANTING PLAINTIFF ATTORNEY FEES DUE TO DEFENSE COUNSEL'S CONDUCT IN VIOLATION OF 28 U.S.C. § 1927

On January 3, 2007, Plaintiff filed a Motion to Set Aside Order of Dismissal and Enforce Settlement Agreement. (Doc. No. 71). Defendant K&B Capital, LLC ("Defendant") filed a Response on May 3, 2007. The Court held a motion hearing on May 23, 2007. Having considered the entire record, and for the reasons that follow, the Court grants Plaintiff attorney fees due to Defendant's counsel's unreasonable and vexatious conduct in these proceedings.

Plaintiff's motion arises out of its allegations that Defendant has failed to abide by a settlement agreement between the parties. In its Motion, Plaintiff seeks that this Court set aside its March 31, 2006 Order dismissing the case without prejudice and enforce the settlement agreement between the parties.

Plaintiff originally filed its Complaint in this Court on March 28, 2003, asserting claims of breach of contract, unjust enrichment, fraudulent inducement, and account stated, arising out of its business relationship with Defendant.

1

After a hearing on January 9, 2006, the Court granted Defendant's original attorney's Motion to Withdraw as Counsel on January 11, 2006. (Doc. No. 69). At that hearing, Defendant stated that it had retained new counsel, the firm of Nedelman & Pawlak. (Tr. 1/9/06, p. 8-9). The Court ordered new counsel, Michael Nedelman, of Nedelman & Pawlak PLLC, to meet with Defendant and to schedule and complete certain discovery within 45 days.

On March 8, 2006, Defendant's counsel communicated his client's assent to a settlement of the instant case. (Pl. Br. Ex. C, Mar. 8, 2006 Pawlak Email). The parties negotiated and revised a written settlement agreement for $2,500. (Pl. Br. Ex. D, Redlined Release and Settlement Agreement). The settlement terms were reduced to writing. (Pl. Br. Ex. E, Release and Settlement).

On March 31, 2006, the Court entered an Order dismissing the case without prejudice:

This court has been advised by counsel that the above entitled action has been settled, thereby obviating the necessity of trial.

Accordingly, the above-entitled action is dismissed without prejudice and without costs. However, upon a showing of good cause either party may move to vacate this order within a period of sixty (60) days from this date if the settlement is not consummated.

(Doc. No. 70).

Plaintiff's counsel tendered the Release and Settlement Agreement with Plaintiff's signature to Defendant's counsel on May 4, 2006. (Pl. Br. Ex. F, Signed Release and Settlement).

Despite receiving an email from Defendant's counsel on May 8, 2006, assuring that he would obtain his client's signature on the settlement document, Plaintiff did not receive a copy of the settlement agreement signed by Defendant. Plaintiff's counsel submits that he attempted to contact Defendant's counsel on several occasions about the resolution of the settlement

2

agreement. (Pl. Br. Ex. G, June 9, 2006; July 31, 2006; and Sept. 27, 2006 Minke Emails). After a series of unsuccessful attempts to get Defendant to sign and comply with the settlement agreement, Plaintiff subsequently filed the instant motion on January 3, 2007.

Defendant insists that it was not served with Plaintiff's motion until April 19, 2007. Although Defendant retained the law firm of Nedelman & Pawlak after his original counsel withdrew on January 11, 2006, and Nedelman/Pawlak attorneys acted to represent Defendant in communications with Plaintiff and with the Court, no attorney from that firm ever filed an appearance with the Court in connection with this case.

Even though Mr. Pawlak and Mr. Nedelman did not file written appearances in this case, Nedelman & Pawlak actively represented Defendant during the course of the settlement discussions, agreed with Plaintiff for a dismissal without prejudice of the case, and sent an email to Plaintiff's counsel on May 8, 2006, indicating that he would "have signatures from [his] clients and a settlement check sometime t[hat] week." (Pl. Br. Ex. G, May 8, 2006 Pawlak Email). When Defendant failed to tender the $2,500, Plaintiff's counsel attempted to contact Mr. Pawlak by email in June, July, and September 2006, to resolve this issue, with no response from Mr. Pawlak.

After filing a Response to Plaintiff's instant motion on May 3, 2007, Mr. Nedelman appeared as counsel for Defendant at the Court's May 23, 2007 hearing on Plaintiff's motion to set aside the order of dismissal. Mr. Nedelman attempted to explain at the hearing that his firm only participated in the settlement discussions, and never filed an appearance as counsel of record on behalf of Defendant.

Defendant's counsel did not receive electronic notice of Plaintiff's pending January 3, 2007 motion, since Mr. Nedelman had never filed an appearance in the case. Mr. Nedelman asserts that it was not until Plaintiff mailed a hard copy of the motion to him, with a certificate of service, in April 2007, that he discovered Plaintiff's January 2007 motion.

It is Mr. Nedelman's position that when he leaned that the agreement had not been consummated, he immediately contacted his client, Defendant, to sign and to resolve the settlement agreement.

The Court notes that the resolution of this case was unnecessarily and vexatiously extended because of Defendant's counsel's failure: (1) to properly file an appearance in this action; and (2) to respond to Plaintiff's repeated emails inquiring into the status of the settlement agreement in the months after May 8, 2006. Defendant's counsel's statement in Court that he was not representing Defendant because he had not filed an appearance is nonsense, since Defendant's partner and law firm had actively represented Defendant through the resolution of the case, and for the purposes of Plaintiff's motion.

Defendant maintains that Plaintiff's motion is now moot, since Defendant signed the Release and Settlement Agreement on May 1, 2007. (Def. Br. Ex. A, Signed Release and Settlement Agreement). Defendant's contention is not correct.

The Court held a motion hearing on May 23, 2007, at which Mr. Nedelman appeared for Defendant. After hearing oral argument from the parties, the Court took Plaintiff's motion under advisement. Subsequent to the Court's May 23, 2007 motion hearing, Defendant paid the $2,500 to Plaintiff, in satisfaction of the settlement agreement.

At the hearing before this Court on May 23, 2007, Mr. Nedelman, of Nedelman & Pawlak, appeared for Defendants.

Mr. Nedelman put all the blame on his partner Pawlak:

The discussions were had by my partner, Gerald Pawlak.

(Tr. 5/23/07, p. 4). Nedelman also asserted that Pawlak never told him that an agreement was reached in March 2006 to settle the case.

At the hearing Plaintiff's counsel sought fees.

The Court finds that Nedelman & Pawlak's failure to file an appearance before the Court while representing a party to a proceeding does not give them immunity or a free pass to violate 28 U.S.C. § 1927.

Nedelman & Pawlak admittedly has acted as an attorney for Defendants in a case before this Court. Nedelman & Pawlak acted as counsel on February 10, 2006, when it sent a letter to Plaintiff's counsel concerning the case. On May 23, 2007, Nedelman & Pawlak made the incredulous argument to this Court that it can provide representation to its client, Defendant, by communicating with opposing counsel by email or letter or phone, indeed even as to scheduling a deposition, but that these matters (1) don't require filing an appearance and (2) that "there was not appearance in this case that would give rise to obligations to the Court in this case." (Tr. 5/23/07, p. 14).

Mr. Nedelman further stated that "had an appearance in the case and proceedings in the case been required, that I'm confident that an appearance would have been filed. But discussions about the possibility of a deposition going forward, settlement discussions, although involving

the case but not requiring an appearance in the case, do not give rise to the obligations under Rule 11 or the sanctions under 28 U.S.C. 1927." (Tr. 5/23/07, p. 15).

Counsel is mistaken. If you provide representation in a federal court case, you are subject to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

Counsel's conduct violated 28 U.S.C. § 1927 insofar as it failed to timely communicate with Plaintiff for over a year, despite Plaintiff's many attempts to proceed with the agreed-upon settlement, thereby acting to multiply the proceedings in this case unreasonably and vexatiously. Therefore, the Court will require Defendant's counsel to satisfy Plaintiff's attorney fees in bringing the delayed motion to enforce the settlement agreement and payment.

The Court also notes that at the instant hearing, Defendant's counsel Mr. Nedelman, who filed a response to the instant motion, first stated that he filed an appearance in this case, and then stated that he "may not have formally filed the appearance." (Tr. 5/23/07, p. 16). This is more of the same conduct that spawned this Order.

Accordingly, the Court orders Defendant's counsel to pay Plaintiff's legal fees as to bringing the motion to enforce the settlement.

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 27, 2007.

                                            s/Denise Goodine
                                            Case Manager